PER CURIAM.
The Orange County School Board (the “Board”) timely appeals a final judgment on the pleadings in favor of teachers Leona Rachman and Jonathan Schuman, plaintiffs below, arguing that the trial court erred in its interpretation and application of section 121.091(9)(b)l.a., Florida Statutes (2010). That statute allows a school district to rehire a retired teacher in the year immediately following his or her retirement on an annual contract. *49 The Board argues that this statute bars it from ever affording Appellees a longer professional service contract pursuant to section 1012.33(3)(a), Florida Statutes (2010).[1] Appellees argue that section 121.091(9)(b)l.a., only applies at the time of their initial rehire (following retirement), such that they can ultimately be awarded a professional services contract if they meet the requirements of section 121.091 (9)(b)l .a. We agree with the trial court’s well-reasoned analysis and conclude that section 121.091(9)(b)l.a. does not preclude Appellees from ultimately securing a professional service contract.
AFFIRMED.
MONACO, LAWSON and EVANDER, JJ., concur.

. Whereas an annual contract must be renewed every year, a professional service contract is a continuous contract which renews automatically, and can only be terminated for just cause pursuant to section 1012.33, Florida Statutes, or based upon uncorrected performance deficiencies pursuant to section 1012.34, Florida Statutes. We note that section 1012.33(3)(a), Florida Statutes (2010), has been extensively revised so that as of July 1, 2011, a district school board can no longer issue professional service contracts. Ch.2011-1, § 13, Laws of Fla. Appellees, however, assert rights that they contend vested prior to the effective date of section 1012.335, Florida Statutes (2011). The Board concedes in this case that but for its interpretation of section 121.091(9)(b)l.a., Appellees would have been eligible to be considered for professional service contracts.